UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISTVAN SZIL ~~[redacted]~~
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

THE CITY OF NEW YORK,
BILL DEBLASIO THE MAYOR
OF THE CITY OF NEW YORK
IN HIS OFFICIAL CAPACITY, Et al.
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
SDNY PRO SE OFFICE
2017 SEP 12 PM 3:10
S.D. OF N.Y.

**COMPLAINT**

Jury Trial: ☒ Yes ☐ No
(check one)

**17CV 6965**

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  see attached
         Street Address _____
         County, City _____
         State & Zip Code _____
         Telephone Number _____

B.  List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name  see attached
            Street Address _____

Rev. 05/2010

|               |                    |
|---------------|--------------------|
|               | County, City _____ |
|               | State & Zip Code _____ |
|               | Telephone Number _____ |

Defendant No. 2    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

II.    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? CIVIL RIGHTS VIOLATION
42 U.S.C. §1983, DEPRIVATION OF RIGHTS
18 U.S.C. §241, CONSPIRACY AGAINST RIGHTS

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

III.   **Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? NEW YORK COUNTY NEW YORK

B. What date and approximate time did the events giving rise to your claim(s) occur? THE BEGINNING OF 2014

C. Facts: see attached

*What happened to you?*

*Who did what?*

*Was anyone else involved?*

*Who else saw what happened?*

IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

see attached

Rev. 05 2010

V.  **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_See attached_

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 12 day of September, 20 17

Signature of Plaintiff

Mailing Address   255 CALYER ST, # 301
                  BROOKLYN, NY 11222

Telephone Number   212 518-6455
Fax Number *(if you have one)*   szilistvan@vfemail.net

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
Istvan Szil,
Plaintiff
v.                                                                                   case no.:_____

Mayor Bill DeBlasio, in his official capacity                     COMPLAINT FOR
The City of New York (New York City);                            INJUNCTIVE,
Commissioner Cecile Noel, in his official capacity        DECLARATORY,
Mayor's Office to Combat Domestic Violence (OCDV)   COMPENSATORY
and its Coordinated Approach to Prevent Stalking (CAPS);  RELIEF
Anabella Escobar, Deputy Director, in her official capacity
Manhattan Family Justice Center;
Bea Hanson, Director of the NYC Domestic Violence Task Force
Of the Mayor's Office in her official capacity;
Police Commissioner James O'Neill, in his official capacity
New York City Police Department (NYPD);
Officer Michael Kleber, shield #18430 of 20th Precinct and
Officer Eric Soto, shield #11866 of 20th Precinct and
Sergeant Arroyo, shield #not known, supervising DV
officer of 20th Precinct, in their official capacity;
Officer 'John Doe Marine' FBI/NYPD
in his personal and official capacity;
Officer 'John Doe, E train' NYPD
in his personal and official capacity;
Commissioner Steven Banks, in his official capacity
Human Resources Administration of New York City,
Department of Social Services (HRA),
Adult Protection Services (APS);

Director Andrew McCabe, in his official capacity
Federal Bureau of Investigation;

Sheriff Harold Eavenson, in his official capacity
National Neighborhood Watch (NNW)
of the National Sheriff's Association (NSA),

John Doe2 in his personal and official
Capacity (Duane Reade assault)

Julie A. Kelly, in her personal capacity
11 ½ West 84th St #3A, New York, NY 10024
Defendants
-------------------------------------------------------------------

1

**Parties:**

1. The Plaintiff, Istvan Szil is an artist and artisan lives and works in New York City. Address: 255 Calyer St, #301, Brooklyn, New York 11222

2. Defendant Bill DeBlasio Mayor of The City of New York (New York City), as such has ultimate authority over activities of the government of The City of New York. Defendant City of New York is a municipal corporation within New York State and public employer of the police officers and other city employees named as defendants in this suit. Mayor DeBlasio maintains an address at City Hall, New York, NY 10007

3. Defendant Cecile Noel, Commissioner, has authority over the
Mayor's Office to Combat Domestic Violence (OCDV)
and its Coordinated Approach to Prevent Stalking (CAPS),
maintains an address at Commissioner Cecile Noel
City Hall & 100 Gold St., 2nd Fl., New York, NY, 10038

4. Defendant Anabella Escobar, Deputy Director,
has authority over the operations of the
Manhattan Family Justice Center, maintains an address at
Deputy Director Anabella Escobar at 80 Centre St, 5th Floor
New York, NY 10013

5. Defendant Bea Hanson, Director of the NYC Domestic Violence Task Force
of the Mayor's Office has authority over the NYC Domestic Violence Task Force,
maintains an address at Director Bea Hanson,
City Hall & 100 Gold St., 2nd Fl., New York, NY, 10038

6. Defendant James P. O'Neill, NYPD Police Commissioner
has ultimate authority over the New York City Police Department
maintains an address at Police Comissioner James O'Neill
1 Police Plaza, New York, NY, 10038

7. Defendant Michael Kleber of 20th Precinct
New York City Police Department
1 Police Plaza, New York, NY, 10038

8. Defendant Eric Soto of 20th Precinct
New York City Police Department
1 Police Plaza, New York, NY, 10038

9. Defendant Arroyo, DV supervisor of 20th Precinct

       New York City Police Department
       1 Police Plaza, New York, NY, 10038

10.   Defendant 'John Doe, Marine' NYPD/FBI
     New York City Police Department
     (NYPD 11-40, 45th Road Long Island City,
     New York, NY 11101)
     1 Police Plaza, New York, NY, 10038

11.   Defendant'John Doe, E train' NYPD
     New York City Police Department
     1 Police Plaza, New York, NY, 10038

12.   Defendant Steven Banks, Commissioner has authority over the
     Human Resources Administration of New York City,
     the Department of Social Services (HRA)and the
     Adult Protection Services (APS), Maintains an address at
     Commissioner Steven Banks 4 World Trade Center
     150 Greenwich Street, 38th floor
     New York, New York 10007

13.   Defendant Andrew McCabe is the Director of the Federal Bureau of Investigation
     (FBI), has ultimate authority over the FBI's investigations.
     Defendant McGabe maintains and address at Director Andrew McCabe
     Federal Bureau of Investigations
     935 Pennsylvania Ave NW, Washington, DC 20535

14.   Defendant Sheriff Harold Eavenson, President of the National Sheriff's
     Association (NSA), The National Neighborhood Watch (NNW)
     Sheriff Eavenson has authority over the above named organizations and maintains
     an address at Sheriff Eavenson 1450 Duke Street, Alexandria, Virginia 22314

15.   Defendant John Doe2, (Duane Reade assault)
     unknown address

16.   Defendant Julie A. Kelly, hereinafter referred to as Defendant Kelly resident of
     New York City, maintains an address at Julie A. Kelly 11 ½ West 84th St #3A,
     New York, NY 10024

**Introduction:**

The present case is about Plaintiff's counter terrorism/intelligence type harassment and stalking by various means by law enforcement and private organizations using the cover of Community Oriented Policing's philosophy. Plaintiff claims the harassment and

3

stalking violate his protected Constitutional rights and it is deprivation and conspiracy against those rights. The organized stalking, maintained for years by its controllers entwined and mixed with a pre-divorce/divorce domestic situation pursued by Plaintiff's estranged spouse Defendant Kelly. Plaintiff alleges estranged spouse Defendant Kelly, a participant in neighborhood watch, used that organization as proxy force for pre-divorce/divorce manipulation. Plaintiff's requests for information to organizations named in the caption as Defendants to clarify these matters were all denied.

As a consequence of Plaintiff's prolonged stalking, psychological manipulations the severe stress, his health dramatically deteriorated and was diagnosed with a deadly disease. This civil rights suit's purpose to uncover the underlying reasons why the counter terrorism stalking is unleased on the Plaintiff, show that the extra legal stalking continues with the apparent support of top city officials as policy of The City of New York. Plaintiff is determined to seek remedy for the caused pain and suffering.

**Statement of Claim**
    **III. C.**
    **Factual and general allegations.**
    **What happened to you?**

1.    From the beginning of 2014 Plaintiff became aware of being subjected to what appeared as a 24/7 conspicuous organized stalking, (other names: 'in community' stalking, no touch torture, organized mobbing, neighborhood watch, 'COINTELPRO', COPS, counter terrorism stalking, to name a few) in New York City's Upper Westside where Plaintiff lived with his spouse, Defendant Kelly.

2.    The plaintiff alleges organizations named as Defendants in the caption are behind the stalking. The allegation based on Plaintiff's research of publicly available information, tests and personal observation and belief.

3.    The organized stalking has been taking place in all NYC neighborhoods where Plaintiff goes, also in European countries including his country of origin Hungary. The used harassment/stalking methods in all geographic areas are identical.

4.    The ongoing organized stalking's real purpose is to destroy Plaintiff's person mentally, physically, economically over time and isolate socially as much as possible by applying the so called disruption strategy.

5.    FBI's disruption strategy: discrediting, harassment, false accusations, various forms of electronic harassments, stalking, infiltration of Plaintiff's close social circle, and successfully undermining his social and professional relationships, trying to keep preoccupied with provocations, setup attempts, displacement and isolation.

4

6.      Plaintiff also interprets the above stalking methods' isolating effect as a resurrection of American eugenics even if this hidden form, perpetrated by the Defendants.

7.      The organized stalking methods are designed to cause the most amount damage to the target with plausible deniability.

8.      Trauma based conditioning: The physical violence such as assault, battery is part of the trauma based conditioning's evil circle: trauma-repetition-reinforcement to maintain control over the target/victim.

9.      The bulk of Plaintiff's 24/7 conspicuous surveillance appears to be done by Plaintiff's spouse Defendant Kelly, neighbors, neighborhood watch participants whibch is a spy network with the supervision of community policing undercover officers. This 'meet up' type harassment is possible using instant wireless communication technology. It appears the accompanying electronic harassment is also cellphone based.

10.     With the above-described background, around 2013-2014, still married, Defendant Kelly started pressuring Plaintiff to remove his name from the joint lease. Upon Plaintiff's refusal to do so Defendant engaged, with the involvement of her close friends, neighbors in various psychological manipulation and coercion tactics.

11.     As a culmination of the domestic manipulations of Defendant Kelly assisted by the Mayor's Office and law enforcement and others, a pre-planned false arrest was done without incident. Plaintiff was indicted, TRO imposed, thus Plaintiff became homeless. Plaintiff was acquitted at his criminal trial on all false charges.

12.     As one of the consequences of the organized stalking and spreading false information Plaintiff lost his jobs and became severely socially isolated.

13.     Plaintiff suffered numerous reported/unreported harassment, stalking, vandalism, robbery, assault, battery as part of organized stalking perpetrated by the participants from various government and private organizations. None of those cases were prosecuted.

14.     Also as the consequence of stress of the forced displacement, lifestyle change, diet change, harassment, electronic harassment, Plaintiff was diagnosed with a deadly disease in June 2016. Plaintiff is convinced his medical condition wholly or partly due to the organized stalking. Plaintiff is still under medical treatment and deemed temporarily disabled.

15.     Plaintiff's efforts to obtain information from a number of government, city and federal government organizations regarding his harassment, what is the cause, whether he is on watchlists, were futile. One of the purposes of this suit is pursuing disclosure of relevant information about Plaintiff's situation.

**Who did what?**

Defendant Kelly's harassment and manipulation

16.     Defendant Kelly threatened with a "sophisticated way" to force Plaintiff to agree to remove his name from the joint lease when still married. Plaintiff soon realized the "sophisticated way" was using so called crime prevention/watch organizations established under the community oriented policing's umbrella and funded by COPS grants.

17.     The spouse's motivation to team up with neighborhood watch such as Defendant NNW and/or the Mayor's OCDV's CAPS (Coordinated Approach to Prevent Stalking) and/or the Family Center's 'combined' services and/or HRA's APS (Adult Protection Services) and others to use them as a proxy force for pre-divorce manipulation and maneuvering.

18.     Plaintiff realized the psychological harassment, 'gaslighting' techniques, stalking, various forms of electronic harassment: acoustic and electro-magnetic and other types was done by Defendant Kelly and the next-door neighbors to drive out Plaintiff from the marital home extra legally without any court order.

19.     Most, if not all of the tenants in the building of the marital home and other neighborhood watch civilian spies participated in the 'watch' with the support of undercover agents/officers from the police department.

20.     Defendant Kelly requested the advice of an online lawyer on how to remove a spouse from the joint lease. After she got the correct answer how to do it lawfully, unsatisfied, asked pointedly what other ways the spouse's name could be removed: "If he leaves the country, if he declares bankruptcy, if he has a restraining order against him?"

22.     Defendant Kelly altered the landlord issued joint lease renewal document by personally crossing out Plaintiff's name, for which she had no legal standing. The content of Defendant Kelly's attached explanation, which was sent back to the landlord with the lease renewal, was not disclosed by the landlord to the Plaintiff.

23.     Unknown to Plaintiff, Defendant Kelly was participant from within the marital home in the harassment. Plaintiff alleges upon information and belief Defendant Kelly collaborated with other Defendants such as NNW and the Family Center, CAPS (Coordinated Approach to Prevent Stalking) the Mayor's OCDV and NYPD with overall NYPD control.

24.     Defendant Kelly's active spying and harassment in concert with other Defendants in the home on whomever's behalf without a warrant violates Plaintiff's 4th Amendment rights and was a deliberate attempt to manufacture conditions for the purpose of divorce manipulation.

6

25.     Plaintiff alleges Defendant Kelly upon realizing her own manipulation/coercion with the support of other Defendants did not work to intimidate and break down Plaintiff psychologically, initiated a false arrest at the home.

### False arrest of the plaintiff

26.     In the evening of September 16, 2014 Defendant Kelly casually walked out of the apartment, called 911 from the lobby falsely claiming DV abuse.

27.     Plaintiff alleges before that walkout Defendant Kelly was drinking wine, used drugs in the bathroom and had taken prescription medication. Defendant's paraphernalia was found by Plaintiff in the bathroom.

28.     Unbeknownst to Plaintiff at the time Defendant Kelly had interaction, and communication with officers at the 20th precinct including DV supervisor Sergeant Arroyo. Specifically in the morning of the arrest Defendant Kelly talked to NYPD counter-terrorism officer(s). This could suggest the evening arrest was pre-planned.

29.     Plaintiff's complaint(s) to DV officers at the precinct about Defendant Kelly's manipulation was ignored.

30.     Plaintiff was ordered out of the apartment and officers without even entering to verify her baseless claim, made unlawfully, a no probable cause false arrest, which lead to Plaintiff's false imprisonment.

31.     The defendant officers, made an arrest based on solely on their preconception in their own minds, must have known their conduct clearly violated established statutory or constitutional rights of which a reasonable person would have known.

32.     Plaintiff further concludes the officers acted under the color of law, they tailored the law to the situation and used their authority actually to contravene the law.

33.     After the false imprisonment Plaintiff was prosecuted and arraigned on three misdemeanor charges at the New York County Criminal Court (2104NY071309), TRO was imposed barring him from the marital home. Plaintiff plead not guilty, it took 19 Month to get to trial on April 21, 2016, where there was acquittal on all charges on April 25th, TRO rescinded.

34.     In their court testimony both the arresting officer Defendant Kleber and Defendant Kelly (who wasn't even at the scene of the arrest to have personal knowledge) falsely claimed the officers entered the apartment and after that was the arrest made, which is perjury on their part.

35.     Plaintiff alleges the setup for false arrest could not have happened without the assistance of 'DV crime prevention' organizations Defendant Kelly collaborated with.

36.     Publicly available information from community policing's literature suggest this type of false arrest is used deliberately as 'preventive measure' in DV city wide thus it is a law enforcement (NYPD) policy meaning it is also a City of New York Policy.

Long Island City violent law enforcement/neighborhood watch incidents

37.     After Plaintiff being forced to move to Long Island City the stalking/harassment became more aggravated by involving physical violence by foot patrols. Plaintiff's several complaints to Community Affairs officers and other Detectives of the 108th precinct were ignored.

38.     Plaintiff requested NYPD internal investigation/review, because the continued persecution appeared baseless in the context of DV since the trial concluded with an acquittal, but not aware any investigation happened.

39.     Some of the perpetrators who did the assault and battery were NYPD plaincloth police officer(s) such as 'John Doe, Marine' and 'John Doe, E train'. Plaintiff went to complain to the headquarters in the Science of the Soul building, second Fl., 11-40, 45th Road Long Island City, New York at which address he saw officer 'John Doe, Marine' before, to complain to the supervisor, who seemed to be able to look up the case, but no other action followed.

40.     'John Doe, E train' plaincloth officer part of the security network, accosted/targeted Plaintiff and followed him to the Queens bound E train car where Plaintiff went, assaulted and hit his hand with his first causing the cellphone fall and break, in a struggle he was blocking Plaintiff to regain control of his phone. Eventually on Plaintiff's insistence he produced an NYPD badge.

41.     All these reported cases remain uninvestigated to this day tends to prove police overlooks the offenses perpetrated by neighborhood watch patrols whose activities the police supervise and support.

42.      It appears overlooking those community oriented policing offenses is the City of New York's official policy adhered to in all NYC neighborhoods.

43.     List of police reports: Plaintiff suffered a number of street/subway harassments, stalking, assault, battery, robbery.

> 1.
> #7536, 108 precinct
> Vernon Blvd incident,
> 12/2/2014, 2.56PM

8

Harassment

2.
#7944, transit police district 20
'G' train, Queens bound,
12/19/2014, 11.30PM
Harassment

3.
#1181, 108 precinct
Incident at Grocery store, 31st Ave. at 45th Ave corner
3/28/2015, 8.32PM
Harassment

4.
#2015-18-6215, transit police district 18
'E' train incident with undercover police officer
07/29/2015, 11.35AM
Harassment

5.
#2015-108-4136, 108 Precinct
'John Doe, marine'
Post office incident, perp. claiming being NYPD counter-terrorism officer working for the FBI
21st St at 46th Ave corner
7/16/2015, 11.12AM
Harassment

6.
#2015-108-04576, 108 Precinct
'John Doe, marine' incident
on 46th Ave. at 11th St. (same perp. as in the post office incident)
8/3/2015, 6.30PM
Harassment

7.
#982, 108 Precinct
John Doe Taser
'in community' stalking group incident
on Vernon Ave, btw 46th Rd. and 47th Ave
2/27/2016, 2.20PM
Harassment

8.
#4930, 108 Precinct

9

'John Doe, marine'
at 46th Ave. at 11th St. (same perp. as in the post office incident)
9/20/2016, 4.30PM
Assault

9.
#5841, 108 Precinct
John Doe2
Duane Read in store assault and vandalism
4702 5th St, Long Island City, NY 11101
10/31/2016
Assault

Unreported cases:

1.
#
W. 8th St and Broadway SW corner
3/21/2015, 8.53PM
EMF 'pricker' attack by a group of 3-7 perpetrators

44.     Cases 5, 6, 8 were committed by the same person, 'John doe Marine' who on the occasion of the first incident claimed aloud he is counter terrorism officer working for the FBI. Plaintiff reported him on his FOIPA request form to the FBI, but altogether only received a so-called 'Glomar response'.
        Case 7 is an incident on Vernon Ave where a group of community members shepherded by 'professional' harassers, blocked Plaintiff's way on the sidewalk, pictures were taken, when one of the perpetrators brandished, threatened with what appeared, to be a taser gun wrapped in a black plastic bag.
        Case 9 is an assault in the Duane Read store by unknown perpetrator, where he ambushed the Plaintiff from behind (Plaintiff's weight is barely 130LB), lifted him up and was throwing against shelves full with cosmetics several times. After that I was thrown onto a pile of spring water.
        Unreported case 1., Plaintiff decided not to go to report this incident due to considering plausible deniability. Nevertheless Plaintiff has sufficient evidence about the attack.

    Harassment/Electronic harassment

45.     Harassment by electronic means: various forms of electronic harassments has been used, some of them mobile phone/server based and some other directed energy and acoustic devices. The electronic attacks started in the marital home and in my workshop studio at the same time at the beginning of 2014.

46. Defendant NNW (National Neighborhood Watch), accused as a harassment organization by Plaintiff, maintains a web portal with a range of surveillance and illegal harassment capabilities. Unlawfully anybody is able to open a watch and perpetrate harassment on somebody else outside of the law(s) and the Constitution.

47. The organized stalking managers and participants at the Defendant organizations aware Plaintiff's dire medical condition and aware that those methods make Plaintiff's disease worse, possibly resulting in death, still have continued doing their malicious inhumane harassment methods.

48. Plaintiff alleges his private information obtained, retained illegally or improperly was disseminated by electronic means to a large number of stalking perpetrators under the control of the Defendant organizations.

49. The distorted, 'made look criminal' booking photo along with egregious false information as deliberate disinfo has been distributed to feed the frenzy of the 'watch', deceiving participants and defaming/slandering Plaintiff. Plaintiff requests the formal disclosure of his disseminated file.

**Was anyone else involved?**

50. Plaintiff believes Defendants (NYPD, NNW, FBI, OCDV, HRA APS) and others involved in his Harassment/stalking do not have legitimate reason to continue it, more so since the conclusion of his criminal trial in April 2016 where it became evident the DV charges Defendant Kelly bought were false.

51. Plaintiff alleges the touted information sharing and new level of collaboration of the accused Defendant organizations is not possible without the coordinating work of the fusion centers, which is under the control of DHS.

52. Plaintiff alleges, based on Defendant Kelly's some inadvertent statement(s) and other clues, the one root cause for his stalking is originating in counter terrorism/counter intelligence type investigation by the FBI and others which is opportunistically using the domestic violence crime prevention case initiated by Defendant Kelly as a cover.

53. Due to the secretive nature of these matters, in order to determine who else, what other major government security organizations have continued interest maintaining the harassment and why, Defendants must disclose relevant information requested from them by the Plaintiff in the form of FOIPA/FOIL applications even if in camera to the court.

**Who else saw what happened?**

54. The September 16 false arrest at 11 ½ West 84th St. #3A was witnessed by the

partner of Ilice Siegel, tenant in 2A, (both 'watch' participants) his name is unknown to the Plaintiff.

55.     The Duane Read store assault on October 31, 2016 was witnessed by the store manager, cashiers, number of customers, the store is equipped with security cameras. Plaintiff did send a preservation of evidence letter to the store two weeks after the assault.

56.     The assault and battery on March 28, 2015by the two young alleged drug dealers in front of the grocery store were witnessed by the store employee and other neighborhood persons hanging around there.

57.     For most of the above-described reported incidents there is photo and/or other physical evidence in the possession of the Plaintiff offered to help the police's investigation, but was ignored.

## IV.     Injuries

a)   Two years into the conspicuous phase of harassment and stalking, in june 2016, Plaintiff was diagnosed with a deadly disease, Plaintiff alleges, due to the sustained stress and other psyop methods from said harassment, stalking and electronic harassment;
b)   Pain, Bruises and swelling from an attack front of a grocery store in L.I.C.;
c)   Pain and suffering of beatings: Defendant John Doe, a plaincloth officer's terrorizing attack on Plaintiff at the time while receiving chemoradiation; as a consequence Plaintiff had internal bleeding, bruises and swelling;
d)   Pain, Bruises and swelling from thrown around in the Duane Reade store;
e)   Fear, emotional trauma/emotional distress;
f)   Plaintiff have suffered the effects of various electronic devices;
g)   The physical, psychological consequences of the extra legal actions of the defendants continue to date and it is an obstacle to Plaintiff's medical recovery due to maintained continuous stress.
g)   By maintaining the means for plaintiff's social isolation, it is also resurrects Eugenics in hidden form.

## V. Relief

WHEREFORE, plaintiffs request the following relief jointly and severally as against all of the defendants:

1,      Award Injunctive relief against all of the defendants to stop all forms of extra legal surveillance and harassment/electronic harassment, discrimination which violates Plaintiff's protected Constitutional rights, state and federal laws;
        The inflicted continuous stress caused by the combined effects of the stalking, had caused or contributed to his cancer and remains the largest obstacle to Plaintiff's recovery.

12

2,      Award compensatory damages against all Defendants for placing Plaintiff's in sustained fear, emotional distress, pain and suffering, lost wages, defamation and slander, damage to reputation, forced isolation, humiliation, loss of privacy, for creating human zoo condition, in an amount to be determined at trial;

3,      Award punitive damages in an amount to be determined at trial;

4,      Award declaratory relief to Plaintiff regarding the illegality of the stalking/harassment by any means;
The disclosure of requested but denied information in Plaintiff's FOIL, FOIPA applications by those organizations, named as Defendants in this case;
Award the disclosure of Defendant Kelly's status and communication regarding law enforcement;

5,      Disbursements, costs, and attorneys' fees;

Any other such further relief as the court deems just and proper.

Plaintiff reserve the right to amend this suit to add more organizations, persons as Defendants, when new information becomes available and warrants it.

**DEMAND FOR JURY TRIAL**
Plaintiff respectfully demands a trial by jury for all issues so triable in this action.

Venue is based on Plaintiff's still official Manhattan address where the extra legal activities for which remedy sought in this suit started.

Dated: August 13, 2017
New York City, New York

By: _/s/ Istvan Szil_
Istvan Szil

Istvan Szil, pro se
255 Calyer St, #301
Brooklyn, NY 11222
szilistvan@vfemail.net
212 518-6455

13